IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                  CRIMINAL NO. 2:25-cr-00006

**JESSE MARKS**

## UNITED STATES' SENTENCING MEMORANDUM

Now comes the United States of America, by Gabriel Price, Assistant United States Attorney for the Southern District of West Virginia and submits this memorandum in aid of sentencing.

Pursuant to a plea agreement, defendant Jesse Marks pled guilty to a single-count Information charging him with Conspiracy to Commit Mail Fraud, a violation of 18 U.S.C. § 1349. The final Presentence Investigation Report (PSR) was submitted to the parties on August 5, 2025. The United States has no objections to the final PSR and is not aware of any objections from the defendant.

    I.    **Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

        **(A)    Nature and Circumstances of the Offense**

Jesse Marks, along with co-conspirator, Michael David Barker[1], took advantage of the Boone County Schools during a nationwide pandemic. During the Covid-19 pandemic, additional government funds were being given to schools to ensure that the students and

---

[1] Michael David Barker plead guilty to the same charge in case number 2:24-cr-00194 and sentencing is scheduled for October 16, 2025.

staff were able to attend in person learning in a safe and clean environment. However, instead of those funds being used to make sure the schools were a safe place, Mr. Marks and Mr. Barker used this opportunity to enrich themselves at the expense of the Boone County Schools.

Over the course of approximately three and a half years, Mr. Marks and Mr. Barker received millions of dollars in payment from the Boone County Schools for products that were never delivered. Approximately 80% of the total products that Boone County Schools paid Jesse Marks to supply were never delivered and never existed. The best estimate of the total amount of funds stolen through this scheme is $3,448,571.86. The exact amount of loss cannot be calculated due to the limitations of the information kept by both Mr. Marks and Mr. Barker. Specifically, Mr. Barker, as the maintenance director of the school, did not keep any accurate inventory count for the products that were actually delivered and stored in the Boone County School's warehouse. Mr. Marks as owner and operator of his janitorial supply company also failed to keep accurate records of what supplies were being delivered and what was not. Due to Mr. Barker's improper use of the inventory system and Mr. Marks' lack of record keeping, the best estimate of loss is the amount admitted to by Mr. Marks, that is 80% of the total amount billed. The figure of 80% of missing product is also consistent with the statistical analysis based on the limited data

that was able for review. For example, for the three highest volume products of janitorial supplies, hand soap, facemasks, and trash can liners, the amount billed versus the amount used or in stock varies between approximately 15% to 25% actually delivered products.

The large amount of money stolen from a school district is serious and the purpose of the money, for use to make sure the school was clean and safe during the Covid-19 pandemic, adds to the egregious nature of the offense. Based on the nature and circumstances of this offense a sentence within the guideline range of 27 to 33 months would be appropriate.

## II. The Need for the Sentence to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and To Provide Just Punishment for the Offense

The offense committed by Mr. Marks was extremely serious and the facts and surrounding circumstances of what was happening in our country and our schools at the time cannot be overlooked. Although Mr. Marks did cooperate with law enforcement, that cooperation does not outweigh the magnitude of the amount of money stolen or the fact that it was stolen from a local school district. Therefore, a sentence within the guideline range would be sufficient but not greater than necessary to comply with the purposes of sentencing. Additionally, a sentence within guidelines would provide just punishment for the offense that Mr. Marks committed.

### III. <u>Deterrence</u>

A sentence within the guideline range will be sufficient to deter Mr. Marks from any continued criminal conduct. Mr. Marks has no criminal history and no longer operates his janitorial supply company due to his current health issues. A sentence within the guideline range will also deter others in the community from similar criminal conduct. Schools have a need to use many suppliers and contractors in order to operate. The sentence in this case will help deter other suppliers and contractors from attempting similar schemes that may involve the theft of funds from schools and other public entities. A sentence within the guideline range will act as a deterrent and show that dishonesty and theft by those who deal with public entities will be treated as serious offenses. Additionally, a sentence within the guideline range will also deter others who think that they are able to take advantage of the government providing relief during a national or local emergency. This would include not only other people who contract with schools, but hopefully anyone who is involved with providing goods and services during times where there is an essential need for those goods and services. A sentence within the guideline range would help deter others from committing similar crimes.

**V.   Conclusion**

The United States submits that a sentence within the guidelines range of 27 to 33 months would be sufficient but not greater than necessary based on the factors listed in 18 U.S.C. § 3553(a).

The United States does not intend to call any witnesses at sentencing and believes the sentencing hearing can be conducted in thirty minutes.

                                        Respectfully submitted,

                                        LISA G. JOHNSTON
                                        Acting United States Attorney

                       By:  s/ Gabriel Price
                            GABRIEL PRICE
                            Assistant United States Attorney
                            WV State Bar No. 14671
                            300 Virginia Street, East
                            Room 4000
                            Charleston, WV  25301
                            Phone: 304-345-2200
                            Fax: 304-347-5104
                            E-mail: gabe.price@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "UNITED STATES' SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 12th day of August 2025, to:

>Abraham Saad
>320 9th Street, Suite B
>Huntington, WV 25701
>Telephone: (304) 552-4149
>E-mail: abe@gsalaw-wv.com

>s/ Gabriel Price
>GABRIEL PRICE
>Assistant United States Attorney
>WV State Bar No. 14671
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Phone: 304-345-2200
>Fax: 304-347-5104
>E-mail: gabe.price@usdoj.gov